# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| HUNTER HART, COY COHENOUR (through his parents), MONTANA COHENOUR (through his parents), DAVID COHENOUR, as parent and individually, and HEIDI HART, as parent and individually,<br><br>Plaintiffs,<br><br>vs.<br><br>PACIFICSOURCE HEALTH PLANS, a health insurance service corporation, and JOHN DOES I-V,<br><br>Defendants. | CV-18-56-BU-BMM-JCL<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** |

This insurance bad-faith case comes before the Court on cross-motions for partial summary judgment by Plaintiff David Cohenour ("David") and Defendant PacificSource Health Plans ("PacificSource").

United States Magistrate Judge Lynch entered Findings and Recommendations in this matter on June 18th, 2019. (Doc. 43). Judge Lynch recommended that David's motion for partial summary judgment should be denied.

1

*Id.* Judge Lynch further recommended that PacificSource's motion for partial summary judgment be granted. *Id.* at 18.

The Court reviews de novo Findings and Recommendations to which a party timely objected. 28 U.S.C. § 636(b)(1). The Court reviews for clear error the portions of the Findings and Recommendations to which a party did not specifically object. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Where a party's objections constitute perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original response, however, the Court will review for clear error the applicable portions of the findings and recommendations. *Rosling v. Kirkegard*, 2014 WL 693315 *3 (D. Mont. Feb. 21, 2014) (internal citations omitted).

David timely filed objections to Magistrate Judge Lynch's Findings and Recommendations. (Doc. 47). David objects specifically to two recommendations. *Id.* at 3. David first objects to Judge Lynch's finding that David does not qualify as a first-party insured under the law. *Id.* David next objects to Judge Lynch's conclusion that David does not qualify as a third-party claimant. *Id.*

## BACKGROUND

David and Heidi Hart are the biological parents of Hunter Hart, Coy Cohenour, and Montana Cohenour ("sons"). (Doc. 31 at ¶ 1). The sons suffer from severe hemophilia and require antihemophilic medication prescribed by their treating physician. (Doc. 31 at ¶ 3). The antihemophilic medication remains expensive and PacificSource considers the medication to be a high cost injectable medication. (Doc. 31 at ¶ 6).

Heidi submitted an Individual and Family Policy Enrollment Form to PacificSource in December 2015. (Doc. 35 at ¶ 1). The PacificSource policy ("the Policy") went into effect on January 1, 2016, and provided health insurance coverage for Heidi and the three sons. (Docs. 31 at ¶ 8; 35 at ¶ 2). David is not named as an insured on the Policy. (Doc. 26-3 at 1). David and Heidi timely paid the premiums throughout the term of the Policy from their joint bank account. (Doc. 31 at ¶ 9).

PacificSource paid for the antihemophilic medication as prescribed by the boys' treating physician from approximately January through June 2016. (Doc. 31 at ¶ 14). PacificSource sent the prescription drug claims out for external review in June 2016. (Doc. 35 at ¶ 2). The external reviewer determined that "the requested dosing [was] not clearly medically necessary." (Doc. 30-2 at 3). PacificSource effectively stated that it would no longer pay for the full dose and frequency of

antihemophilic medication as prescribed by the sons' treating physician, in a letter dated July 11, 2016. (Doc. 17-1).

Heidi appealed PacificSource's decision internally and filed a complaint with the Montana Insurance Commissioner's Office. (Docs. 31 at ¶ 17; 35 at ¶ 4). The Commissioner's Office conducted two additional external reviews between August and November 2016. (Doc. 31 at ¶ 18). PacificSource approved the antihemophilic medication dosages and frequencies as prescribed by the treating physician after receiving the results of the second external review. (Docs. 31 at ¶ 19; 35 at ¶ 6).

David and Heidi commenced this action against PacificSource in the Montana Eighteenth Judicial District Court in July 2018. (Doc. 1-2). The Complaint alleges claims for breach of contract and violations of Montana's Unfair Trade Practices Act ("UTPA"), Mont. Code Ann. § 33-18-201 et seq. (Doc. 1-2 at 13-16). David seeks a declaratory judgment that he stands as a first-party insured or, alternatively, a third-party claimant/beneficiary under the Policy. (Doc. 1-2 at 16-17).

PacificSource removed the case to this Court pursuant to 28 U.S.C. § 1441, based on diversity of citizenship in August 2018. (Doc. 1). The parties have filed cross-motions for summary judgment to adjudicate David's status under the Policy and to determine whether he qualifies as a first-party insured or a third-party

claimant/beneficiary under the Policy, thereby entitling him to maintain a bad faith claim against PacificSource.

### A. First Party Insured

David takes issue first with Judge Lynch's analysis of *Omaha Property and Casualty Co. Crosby*, 756 F.Supp. 1380 (D. Mont. 1990). The district court in *Omaha* determined that a mother could enforce an insurance contract as a person with an insurable interest. *Id.* at 1383. Judge Lynch reasoned that *Omaha* remained inapplicable because the mother in *Omaha* stood as a named insured on the insurance policy at issue. (Doc. 43 at 9). David, by contrast, remains unnamed on his sons' insurance policy. *Id.* at 10.

David argues that "nowhere in the [district court's] opinion does *Omaha* state the policy was enforceable because mom was a named insured." (Doc. 47 at 5). David argues that his facts apply because, like the mother in *Omaha*, he possesses an insurable interest in his boys, pays for the Policy, paid the uninsured portions of the medical bills, and could have incurred liability if he had failed to satisfy the medical bills. *Id.*

This Court agrees with Magistrate Lynch. *Omaha* considered the interests of a mother who was the named insured on an automobile insurance policy. *Omaha*, 756 F.Supp. at 1381-82. The mother added a vehicle owned by her son to her policy. *Id.* The insurer argued that the insurance policy remained

5

unenforceable pursuant to Montana law because the mother lacked an insurable interest in her son's vehicle. *Id.* at 1383. The district court correctly determined that the mother possessed "an actual, lawful, and substantial economic interest" in the vehicle as required to establish an insurable interest in the property. *Id.* The mother gave value toward the purchase of the vehicle, she paid the premium on the policy, she possessed, used, and maintained control over the vehicle. *Id.* In fact, the mother intended to use the vehicle. *Id.* The mother owned the insurance policy under her name and remained the primary insured. This factor proves significant.

Magistrate Lynch notes properly that *Omaha* fails to support David's argument that any person with an insurable interest possesses the right to enforce an insurance policy as a named insured. It would make little sense to allow anyone outside an insurance policy to obtain first party insured status simply because they claim to possess an insurable interest. The fact that David possesses an insurable interest here means that he could have procured a health insurance contract for his sons' benefit. David did not procure an insurance contract under his name. David does not own his sons' insurance policy and he stands as an unnamed party to the policy. David's wife Heidi owns the policy and remains the first party insured.

**B. Third-Party Ownership**

David argues that Magistrate Lynch fails to read correctly Montana's Third-Party Ownership statute. (Doc. 47 at 6). The statute states in relevant part that

6

"[t]he word 'insured' . . . shall not be construed as preventing a person other than the insured with a proper insurable interest from making application for and owning a policy covering the insured *or* from being entitled under such a policy to any indemnities, benefits, and rights provided therein." Mont. Code Ann. § 33-22-102 (emphasis added).

David takes issue primarily with the disjunctive "or" in the statute. (Doc. 47 at 6-8). David claims that the statute must be read to mean that nothing prevents a person with an insurable interest from applying and owning a policy covering an insured "or" nothing prevents a person with an insurable interest from receiving indemnities, benefits, and rights under a policy. *Id.* at 8. This interpretation proves incorrect.

Magistrate Lynch correctly declined to read the statute to entitle "any person with an insurable interest to rights and benefits under [a] policy, regardless of whether the person also applied for and owned the policy." (Doc. 43 at 13). The statute allows a person with an insurable interest to apply for and own an insurance policy covering their insurable interest. Mont. Code Ann. § 33-22-102. The statute likewise entitles a person possessing an insurable interest under *that* "policy to any indemnities, benefits, and rights provided therein." Mont. Code Ann. § 33-22-102. The disjunctive "or" simply refers back to the "policy" for which a person with an insurable interest may apply for. *See* (Doc. 43 at 12-13).

7

## C. Insured

David argues further that he remains an insured despite the fact that he stands outside the Policy. (Doc. 47 at 8). Montana law states that an insured stands as "an individual entitled to reimbursement for expenses of health care services *under a policy or subscriber contract* issued or administered by an insurer." Mont. Code Ann. § 33-22-1703(6) (emphasis added). David claims that his parental responsibilities for the health and well-being of his sons, coupled with his insurable interests and stance as a third-party owner of the policy, prove sufficient to fall within this definition. (Doc. 47 at 9). The fact remains clear, and Magistrate Lynch stands correct, that David is not a first-party insured or listed "under the policy or subscriber contract." Mont. Code Ann. § 33-22-1703(6). And accordingly David cannot qualify as an insured pursuant to Montana law.

## D. Third-Party Claimant or Beneficiary

Magistrate Lynch also determined that David cannot bring his bad faith claim as a third party-claimant. (Doc. 43 at 15-16). Magistrate Lynch relies on *O'Fallon v. Farmers Ins. Exchange*, 859 P.2d 1008 (Mont. 1993), to support his determination that David must possess a third-party claim against a first-party insured in order to be considered a third-party claimant entitled and thereby to file this action. (Doc. 43 at 15). David argues that he remains a third-party claimant

pursuant to Montana's UTPA because he represents the type of party whom the UTPA seeks to protect. (Doc. 47 at 9).

The Montana Supreme Court in *O'Fallon*, 859 P.2d at 1013-1014, considered whether non-insured plaintiffs possessed standing to sue an insurer as third-party claimants. The third-party claimants in *O'Fallon* were injured by a party who rear-ended one car that inevitably rear-ended the car in front of that. *Id.* at 1010-11. The parties who were hit by the first car filed a complaint against the insurance company regarding the insured's liability for their injuries and damaged property. *Id.* The parties were not in a contractual relationship with the insurance company and therefore remained third-party claimants. *Id.*

The UTPA states that an insured or third-party claimant possesses "an independent cause of action against an insurer for actual damages caused by the insurer's violation of subsection (1), (4), (5), (6), (9), or (13) of 33-18-201." Mont. Code Ann. 33-18-201. The court determined that the statute's language made clear "that the Legislature intended to distinguish between people making claims for bad faith against their own insurer as opposed to people who are damaged by an insurance company's conduct that have no contractual relationship to that company." *O'Fallon*, 859 P.2d at 1013.

David argues that *O'Fallon* supports his position as a third-party claimant without a contractual relationship with Pacific Source. David claims that

9

PacificSource relented and ultimately approved, in bad faith, the full dosing of his sons' life-saving prescription medications as prescribed by their treating physician. (Docs. 17 at ¶ 15; 26 at ¶ 19). David has alleged that he personally suffered damages by reason of PacificSource's handling of his sons' prescription medication needs. (Doc. 25 at 23). These concerns, however serious, cannot stand as support for a third-party claim. Unlike the parties in *O'Fallon*, David has not filed a claim against a first-party insured. The UTPA remains clear that "[a] third-party may not file an action under this section until after the underlying claim has been settled or a judgment entered in favor of the claimant on the underlying claim." Mont. Code Ann. § 33-18-242(6)(b). David does not possess a third-party claim against a first-party insured under the Policy.

This Court agrees with Magistrate Lynch's finding that David cannot stand as a third-party claimant pursuant to the UTPA. David may not continue his bad faith claims against PacificSource as a third-party claimant.

## Conclusion

The Court has reviewed *de novo* those parts of Judge Lynch's Findings and Recommendations to which Plaintiffs objected to. The Court has reviewed for clear error the remaining portions of Judge Lynch's Findings and Recommendations. The Court finds no error in Judge Lynch's Findings and Recommendations.

Accordingly, **IT IS ORDERED** that Magistrate Judge Lynch's Findings and Recommendations (Doc. 43) are **ADOPTED FULL**.

David's Motion for Partial Summary Judgment (Doc. 24) is **DENIED**. PacificSource's Cross-Motion for Partial Summary Judgment (Doc. 27) is **GRANTED**.

DATED this 19th day of July, 2019.

Brian Morris
United States District Court Judge